IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | INDICTMENT NO.: 1:20-cr-060 |
| V. | ) | |
| | ) | |
| JORDAN LOGAN | ) | |

**GOVERNMENT'S COMBINED RESPONSE TO
DEFENDANT'S PRETRIAL MOTIONS**

Now comes the United States of America, by and through Bobby L. Christine, United States Attorney for the Southern District of Georgia, and the undersigned Assistant United States Attorney, and responds to Defendant's Pretrial Motions as follows:

**Preliminary Statement**

The government has provided expanded discovery in this case. The discovery materials consist of the investigative reports, scientific reports (if any), and other documents which are material to this case (attorney and agent work product excepted). If an informant is called as a witness by the government, the government is willing to provide the informant's name one week prior to trial, along with the criminal history and Giglio materials, if any, related to that informant. Additionally, the government is willing to provide Jencks Act material not already included in the discovery material, including the grand jury transcript, to the defendant one week prior to trial. The government is also willing to provide rap

sheets or criminal convictions of witnesses which the government learns about and which could properly be used for impeachment under Rule 609, Fed. R. Evid., one week prior to trial.  The government opposes, however, being compelled to compile witness lists.  See e.g. United States v. Johnson, 713 F.2d 654, 659 (11th Cir. 1983).

The government is aware of its continuing obligation under Brady and Giglio to provide exculpatory and impeachment evidence to the defendant and is willing to timely provide same if and whenever it is received or occurs.  (For the timing of disclosures related to the confidential informant, please see the above paragraph.)  Such material the government is willing to provide would potentially include plea agreements, any promises of leniency, or grants of immunity, to any witness, prior bad acts of witnesses to the extent they are known to the Government, impeachable criminal convictions, prior inconsistent statements or the like.

The government's discovery policy should satisfy Defendant's discovery motions, rendering the motions moot.  However, to the extent that the defendant's motions exceed the requirements of Rule 16, Fed. R. Crim. P., and the government's expanded discovery policy in this case, the government opposes the motions.

All known statements by the defendant have been produced, as has his criminal record.

The results of any scientific tests (if any) have been provided in the discovery materials.  If any further tests are conducted in the future, the results will be provided upon their receipt.

All recordings (if any) of the alleged criminal transactions or statements are available for inspection. No polygraph examinations were conducted.

The government is willing to provide notice with regard to any expert witnesses two weeks prior to trial. Federal agents' rough notes, if any, will be maintained, and produced only upon court order.

Witness statements, if any, have been provided or made available to defendant in the discovery materials.

If at any time prior to trial the defendant would like to view any physical evidence in this case, he may contact the United States Attorney's Office to set up a mutually convenient time to view such evidence. In response to the specific motions filed by the defendant, the government states the following as to:

**Motion to Inspect, Examine, and Test Physical Evidence and Authority Therefor (Doc. No. 20)**

The Government will not object to the defendant's request to inspect, examine, and test any physical evidence under the following conditions. Independent scientific tests and analyses of evidence may be conducted, so long as such tests are not destructive nor likely to denigrate the integrity of the evidence, are conducted by recognized authorities or experts in the pertinent fields of study, are conducted in a manner accepted within the scientific community as reasonably likely to yield reliable results, and physical custody is maintained by Government agents during the course of tests and analyses. The Government will not waive the requirement that a detailed proposal for any independent testing be submitted to the Court. See Barnard v. Henderson, 514 F.2d 744 (5th Cir. 1975).

**Motion to Reveal the Deal (Doc. No. 21)**

Since the Government has provided expanded discovery in this case, as outlined above, these motions should be rendered moot.  Although the Government is unaware of any Brady or Giglio materials at this time, any materials of an exculpatory or arguably favorable nature, together with all information pertaining to its witnesses of an arguably impeaching nature, will be provided as received by the Government.  Such materials would include plea agreements, promises of leniency, or grants of immunity to any witness, prior bad acts of witnesses to the extent they are known to the Government, impeachable criminal convictions, prior inconsistent statements, or the like.

**Motion for Witness Statements (Doc. No. 22)**

All statements have been provided.

**Motion for a List of Government Witnesses and Authority Therefor (Doc. No. 23)**

The government opposes being compelled to compile witness lists.  See e.g. United States v. Johnson, 713 F.2d 654, 659 (11th Cir. 1983).

**Motion for Statements of Defendant (Doc. No. 24)**

The Government's discovery policy should satisfy Defendant's discovery motion, rendering this motion moot.

**Motion for Criminal Histories (Doc. No. 25)**

The government has provided expanded discovery, including the defendant's prior criminal history.

**Motion for Evidence of Consideration to Witnesses (Doc. No. 26)**

The government is aware of its continuing obligations under Brady and Giglio. Again, the government contends that this motion had been rendered moot by our expanded discovery policy in this case, but will supplement the discovery in the event that new evidence of this type occurs.

**Motion for 404(b) Evidence (Doc. No. 27)**

As previously stated, the government is following an "open file" discovery policy in this case and is willing to timely forward any investigative reports whenever they are received. The production to the defendant in discovery of any evidence of prior wrongs, crimes, or acts should be taken by the defendant as an announcement of the government's intention to use such evidence at trial. Because opinions of the parties often differ as to whether particular evidence goes to proof of matters inextricably intertwined, predicate, or part of the transactions charged, or rather constitutes extrinsic proof of intent, motive, plan, etc., under Fed.R.Evid. 404(b), the defendant should consider that the Government intends to use all information provided in discovery to the extent any rule of evidence permits, absent an express indication to the contrary. Should Defendant wish to bar the introduction in the Government's case-in-chief of any evidence disclosed in discovery, a pretrial ruling should be sought *in limine*, or a stipulation obtained from the Government.

**Motion for Scientific Test Results (Doc. No. 28)**

The government's discovery policy should satisfy Defendant's discovery motion, rendering this motion moot.

**Motion for Extension of Time to File Additional Motions (Doc. No. 29)**

The government's discovery policy should satisfy Defendant's discovery motion, rendering this motion moot.

**Preliminary Motion to Suppress and Authority Therefor (Doc. No. 30)**

Discovery and investigation of defendant are complete.  Defendant had been provided with copies of the government's investigative file (including all investigative reports, but excluding attorney and agent work product and correspondence).  This motion should be denied for lack of specificity.

**Motion for Intangible Evidence (Doc. No. 31)**

The government's discovery policy should satisfy Defendant's discovery motion, rendering this motion moot.

**Motion for Impeachment Evidence of Witnesses (Doc. No. 32)**

The Government's discovery policy should satisfy Defendant's discovery motion, rendering this motion moot. Furthermore, the government is unaware and not in possession of any psychiatric history or "basic mental trouble"; the use of hypnosis or hypnotic age regression, the use of "lie detectors" and the results; and the witness' use of narcotic or other drugs or psychological examinations; rendering this motion moot.

**Motion for Exculpatory Evidence (Doc. No. 33)**

The government deems this motion to have been substantially satisfied in full. See Preliminary Statement for timing of disclosures.

Respectfully submitted, this 21st day of August, 2020.

>BOBBY L. CHRISTINE
>UNITED STATES ATTORNEY
>
>***/s/ Tara M. Lyons***
>Tara M. Lyons
>Assistant United States Attorney
>South Carolina Bar No. 16573
>United States Attorney's Office
>Southern District of Georgia
>Post Office Box 2017
>Augusta, Georgia 30903
>T: (706) 826-4532
>tara.lyons@usdoj.gov

CERTIFICATE OF SERVICE

This is to certify that I have on this day served all parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 21st day of August, 2020.

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

***/s/ Tara M. Lyons***
Tara M. Lyons
Assistant United States Attorney
South Carolina Bar No. 16573
United States Attorney's Office
Southern District of Georgia
Post Office Box 2017
Augusta, Georgia 30903
T: (706) 826-4532
tara.lyons@usdoj.gov